J. S21019/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WINFRED MILNER, | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 1062 WDA 2016 |

Appeal from the PCRA Order June 24, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005326-1982

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                                   **FILED APRIL 05, 2017**

Appellant, Winfred Milner, appeals *pro se* from the Order entered in the Allegheny County Court of Common Pleas dismissing his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm.

On December 6, 1982, a jury convicted Appellant of one count each of Rape, Involuntary Deviate Sexual Intercourse, Unlawful Restraint, Simple Assault, and Criminal Conspiracy.[1] On May 20, 1983, the court sentenced Appellant to an aggregate term of 25 to 50 years' incarceration. This Court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(1), 18 Pa.C.S. § 3123(a)(1), 18 Pa.C.S. § 2902, 18 Pa.C.S. § 2701(a)(1), and 18 Pa.C.S. § 903(a)(1), respectively.

affirmed Appellant's Judgment of Sentence on April 4, 1985. ***See Commonwealth v. Milner***, No. 773 PGH 1983 (unpublished memorandum). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on October 21, 1985. ***See Commonwealth v. Milner***, No. 252 WAL 1985 (filed October 21, 1985). Appellant did not seek review by the U.S. Supreme Court. His Judgment of Sentence, thus, became final on January 20, 1986.

Appellant filed a first Petition under the PCRA on March 24, 1997, which the PCRA court denied on July 21, 1998. Appellant appealed from the dismissal of his first PCRA Petition on August 18, 1998. This Court reversed and remanded the matter for an evidentiary hearing on August 27, 1999. ***See Commonwealth v. Milner***, No. 1534 PGH 1998 (unpublished memorandum) (Pa. Super. filed August 27. 1999). Following the evidentiary hearing, the PCRA court permitted Appellant to file an Amended Petition, which he did on January 10, 2005. On December 29, 2008, the PCRA court dismissed Appellant's Amended Petition. Appellant appealed, but this Court quashed the appeal as untimely on March 7, 2013. ***See Commonwealth v. Milner***, No. 1062 WDA 2012 (Pa. filed March 7, 2013).

On March 6, 2016, Appellant filed a "Motion to Vacate the Judgment of Sentence, and/or in the Alternative to Set Aside His Mandatory Minimum-

Maximum Sentence pursuant to **Alleyne**[2] [] *Nunc Pro Tunc*." The PCRA court treated Appellant's Motion as a second Petition filed under the PCRA, and on April 15, 2016, appointed counsel to represent Appellant.

On May 31, 2016, counsel filed a **Turner**/**Finley**[3] no-merit letter and sought to withdraw as Appellant's counsel.

On June 6, 2016, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition, noting that it lacked jurisdiction to consider Appellant's underlying claim because the Petition was not timely filed, and Appellant had failed to plead and prove a timeliness exception. The court also noted its intent to grant counsel's Petition to Withdraw as counsel. Appellant filed a *pro se* Response on June 20, 2016.

On June 24, 2016, the PCRA court dismissed Appellant's Petition without a hearing. Appellant filed a *pro se* Notice of Appeal on July 12, 2016. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following three issues on appeal:

> 1. Was petitioner unconstitutionally denied by a state court, the retroactive relief and application of U.S.

---

[2] **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013), held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Id.** at 2160-61.

[3] *See* **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> Supreme Court decisions *United States v. Alleyne*, *Greer*, *Johnson*, *Shavers*, *Booker*; denied the application of *Marbury v. Madison*, *Testa v. Katt,* the *Harper* rule pursuant to Article VI Clause 2, "The Supremacy Clause," *nunc pro tunc*?
>
> 2. Whether the state court by its refusal to apply the decisions *Alleyne*-*Apprendi*, via the Supremacy Clause to the Appellant's case *nunc pro tunc*, was tantamount to a state court committing a [*sic*] unconstitutional structural defect?
>
> 3. Whether Appellant's sentence is illegal?

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes

final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The statutory exceptions to the timeliness provisions allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(1)-(2).

Here, Appellant's Judgment of Sentence, became final on January 20, 1986, upon expiration of the time to file a Petition for Writ of *Certiorari* with the U.S. Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. In order to be timely, Appellant must have submitted his PCRA Petition by January 20, 1987. *See* 42 Pa.C.S. § 9545(b)(3) Appellant filed the instant PCRA on March 6, 2016, almost 20 years after his Judgment of Sentence became final. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Ct. Op., 12/15/16, at 3-5.

Appellant does not invoke or argue any timeliness exception for his claims in his Brief to this Court. In his ***Turner/Finley*** no-merit letter, however, Appellant's former counsel noted that Appellant invoked the timeliness exception under Section 9545(b)(1)(iii), alleging that his illegal sentence claim is based on a newly-recognized Constitutional right, which is

retroactive in application. As also noted by counsel, however, this claim fails.

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. ***Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. ***See*** 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); ***Commonwealth v. Riggle***, 119 A.3d 1058, 1064-67 (Pa. Super. 2015); ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in ***Alleyne*** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition); ***Commonwealth v. Ruiz***, 131 A.3d 54, 56 (Pa. Super. 2015) (remanding for resentencing without mandatory minimum where defendant was sentenced 12 days before ***Alleyne***, his judgment of sentence was not final on the date ***Alleyne*** was decided, and the defendant filed a timely PCRA Petition over which this Court had jurisdiction).

Our Supreme Court has recently reiterated that ***Alleyne*** does not apply retroactively on post-conviction collateral review. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

- 6 -

Accordingly, the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. ***See*** PCRA Ct. Op at 3-5. We, thus, affirm the denial of PCRA relief.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2017

---

[4] We note also that there is no indication in the certified record that the trial court sentenced Appellant pursuant to any statute requiring imposition of a mandatory minimum sentence whose legality would be called into question under ***Alleyne*** and its progeny.